JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANNAMARIA RANIERI
1414 South Penn Square, Unit 18B
Philadelphia, PA 19102

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Fox, Esquire
1528 Walnut Street, Ste. 515
Philadelphia, PA 19102     (215) 546-2477

## DEFENDANTS
GLAXOSMITHKLINE
1601 Race Street
Philadelphia, PA 19103

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  6-28-13
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1414 South Penn Square, Unit 18B, Philadelphia, PA 19102

Address of Defendant: 1601 Race Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Title VII_

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, William J. Fox, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6-28-13   Attorney-at-Law   69898
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-28-13   Attorney-at-Law   69898
Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANNAMARIA RANIERI | : | CIVIL ACTION |
| v. | : | |
| GLAXOSMITHKLINE | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

_6-28-13_  _William J. Fox_  _Plaintiff_
Date  Attorney-at-law  Attorney for

(215) 546-2477  (215) 546-4698  bill@wjfoxpc.comcastbiz.net
Telephone  FAX Number  E-Mail Address

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNAMARIA RANIERI<br>1414 South Penn Square, Unit 18B<br>Philadelphia, PA 19102 | : <br> : <br> : | |
| **Plaintiff** | : | NO. |
| v. | : | |
| GLAXOSMITHKLINE<br>1601 Race Street<br>Philadelphia, PA 19103 | : <br> : <br> : | |
| **Defendant** | : | |

## COMPLAINT

Plaintiff, Annamaria Ranieri, by and through her counsel, brings this complaint against Defendant and avers as follows:

1. Plaintiff, Annamaria Ranieri, is an adult citizen who resides at the above-captioned address.

2. Defendant, Glaxosmithkline (hereinafter GSK), is a business located at the above-captioned address.

3. Jurisdiction over Plaintiff's Federal claim resides in this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and, 28 U.S.C. §1331, 1343. Jurisdiction over Plaintiff's state law claims resides in this Court pursuant to 28 U.S.C. §1367.

4. Venue resides in this Court pursuant to 28 U.S.C. §1391 because the Plaintiff and Defendant reside within this judicial district.

1

5. In February of 2011, Defendant GSK hired Plaintiff for the position of Director of Sales & Marketing US Aesthetics.

6. The job offer required that Plaintiff relocate from Scottsdale, Arizona to Raleigh, North Carolina.

7. Among other things, Defendant's offer of employment included:

    a. Paying Plaintiff compensation for relocation expenses and placing Plaintiff in GSK's Relocation Program.

    b. Paying fair market value for Plaintiff's home if the house was not sold to a third party within a certain period of time;

8. Relying upon upon Defendant's aforesaid promises, Plaintiff accepted Defendant's offer of employment in February of 2011 and undertook considerable efforts and expenses to relocate to Raleigh.

9. After Plaintiff relocated to Raleigh, North Carolina, she placed her Scottsdale home on the market to be sold.

10. Throughout Plaintiff's employment with GSK, her supervisor was a male, Shayne Sundholm, Vice-Pesident of Sales & Marketing NA Consumer.

11. Between August of 2011 and June of 2012, Mr. Sundholm repeatedly made discriminatory and harassing comments to Plaintiff because of her gender, female.

12. Between August of 2011 and March of 2012, Plaintiff made repeated complaints to GSK's human resource department about Mr. Sundholm's sex discrimination and sexual harassment.

13. Despite Plaintiff's complaints, including those made on a private harassment hotline

maintained by GSK, Defendant failed to investigate and/or stop Mr. Sundholm's harassing and discriminatory conduct.

14. After Plaintiff had engaged in the protected activity of making complaints of sex discrimination and harassment, Mr. Sundholm retaliated against Plaintiff by:

    a. Screaming at Plaintiff regarding sales figures that were not her responsibility;

    b. Falsely accusing Plaintiff of submitting false expense reports; and,

    c. Falsely accusing Plaintiff of being rude and hostile to her direct reports.

15. None of Mr. Sundholm's allegations of misconduct lodged against Plaintiff were true.

16. Plaintiff's house was on the market for sale for a period of 90 days, per Defendant's policy, before Defendant made the below market value offer to purchase Plaintiff's house.

17. In March of 2012, Plaintiff learned that GSK's offer to purchase her home was 1) $300,000.00 below the independent corporate appraisal; and, 2) $175,000.00 below the payoff amount of her mortgage.

18. In April of 2012, Plaintiff learned that GSK was closing down the department in which she worked. In June of 2012, she was informed by GSK that she was being terminated effective July 11, 2012.

19. Instead of paying market value, GSK offered to purchase Plaintiff's house at a loss in the amount of $175,000.00.

20. GSK's below market offer was retaliatory because Plaintiff had previously engaged in protected activity.

21. GSK's below market offer constituted a breach of contract.

22. During the time Plaintiff worked at GSK, she maintained two households, one in Raleigh, NC and the other in Scottsdale, AZ. The cost of maintaining the Scottsdale house, while Plaitniff was employed by GSK, exceeded $115,000.00.

23. When GSK failed to purchase Plaintiff's Scottsdale house at market value, Plaintiff failed to recoup the expenses incurred while maintaining two households.

24. At all times relevant, Defendant acted in a matter to induce Plaintiff to relocate from Arizona to North Carolina by its promises to make her whole with regard to moving costs and housing costs.

25. Defendant breached the promises to pay Plaintiff's relocation expenses when it closed Plaintiff's department, ended her employment and refused to pay Plaintiff's relocation costs.

26. At all times relevant, Plaintiff relied upon Defendant's promises to pay her moving costs, housing costs and other expenses associated with relocating from Arizona to North Carolina.

27. Defendant's failure to pay Plaintiff's relocation costs and pay fair market value for her home in Arizona constitutes a breach of contract and a breach of implied contract.

28. Defendant's aforementioned conduct constitutes sex discrimination, sexual harassment, hostile work environment and retaliation, all in violation of Title VII of the 1964 Civil Rights Act, *et seq*.

29. At all times relevant, Defendant failed to pursue a prompt and thorough investigation of the discriminatory and sexually harassing conduct and failed to remedy Plaintiff's intolerable work conditions.

30. As a result of Defendant's aforementioned actions, Plaintiff suffered great stress and anxiety.

31. Defendant's actions created a hostile environment for Plaintiff and were calculated to punish her and frustrate her.

32. Defendant's actions constitute intentional sex discrimination.

33. Defendant's actions constitute sexual harassment.

34. Defendant's actions constitute retaliation.

35. Plaintiff has properly exhausted all relevant administrative remedies.

36. Defendant has more than 500 full time employees.

## COUNT I
### TITLE VII - SEX DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT & RETALIATION

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as though same were fully set forth at length herein.

38. Defendant has discriminated against Plaintiff because of her sex; subjected her to sexual harassment and has caused her to work in a hostile work environment with respect to the terms and conditions of her employment, all in violation of 42 U.S.C. § 2000e *et seq*.

39. Defendants' actions constitute retaliatory discharge in violation of 42 U.S.C. § 2000e et seq.

## COUNT II
### STATE LAW CLAIMS

40. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as though same were fully set forth at length herein.

41. The conduct of Defendants as alleged in the foregoing claims for relief constitutes discrimination, sexual harassment, hostile work environment and retaliatory discharge in violation of the Pennsylvania Human Relations Act.

42. Defendant's aforementioned conduct constitutes a breach of contract.

43. Defendant's aforementioned conduct constitutes a breach of implied contract.

44. Defendant has at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendant knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendant took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of her sex.

## JURY DEMAND

Plaintiff demands a trial by a jury.

**WHEREFORE,** Plaintiff, Annamaria Ranieri, demands judgment in her favor against Defendants and seeks relief as follows:

A) Awarding compensatory damages under the Title VII and PHRA and damages for breach of contract and breach of implied contract;

B) Awarding interest calculated at the prevailing rate;

C) Awarding punitive damages;

D) Awarding equivalent pay, back pay, front pay and all other damages allowed under Title VII, and PHRA;

E) Awarding reasonable attorney's fees, expert witness fees and other costs of the action; and

F)  Granting such other relief as the Court deems just and appropriate.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices Of William J. Fox, P.C.
Attorney for Plaintiff
1528 Walnut Street, Suite 515
Philadelphia, PA 19102
(215) 546-2477

Dated: 6-28-13